## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Oscar Lee Adams, Jr., | No. 22-cv-1399 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Security Jewelers, Inc.; and United States of America, *c/o United States Postal Service*; | |
| Defendants. | |

Oscar Lee Adams, Jr., commenced this litigation in conciliation court in Carlton County, Minnesota. In his complaint, Mr. Adams seeks $2,475 in damages from the United States because in July 2021, he mailed out two 18-inch gold necklaces through the United States Postal Service ("USPS") to be delivered to Security Jewelers, Inc., for repair. A Security Jewelers employee told Mr. Adams that the necklaces were never received, but a representative of the USPS's Duluth Branch informed him that the package had been delivered on July 9, 2021. Mr. Adams seeks damages from Security Jewelers[1] and the government for conversion and for civil theft under Minn. Stat. § 604.14, subd. 1. [ECF No. 1-1].

---

[1] As of the date of this Order, there has been no showing that Security Jewelers was ever served with Mr. Adams's Complaint. [*See* ECF No. 14 (Order instructing Plaintiff to provide proof of service on Security Jewelers or good cause for an extension)].

1

On May 24, 2022, the United States removed the case to this Court, and filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1). [ECF No. 1 (Notice of Removal); ECF No. 7 (Mot. to Dismiss)]. For the reasons that follow, the motion to dismiss is granted and this action is dismissed without prejudice as to the United States for lack of subject-matter jurisdiction.[2] In addition, the Court declines to exercise supplemental jurisdiction over any remaining claims against Security Jewelers and remands those claims to Carlton County District Court.

*The Government's Motion to Dismiss*

The government seeks dismissal of Mr. Adams's complaint based solely on the face of his pleading, a challenge commonly referred to as a "facial attack" to subject matter jurisdiction. *E.g.*, *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) ("First a court deciding a motion under Rule 12(b)(1) must distinguish between a facial attack and a factual attack.") (cleaned up). "In a facial attack, the court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* (quotations and brackets omitted). Consequently, the Court assumes the factual allegations in Mr. Adams's complaint are true and the reasonable inferences from those allegations are taken in his favor. *Id.* (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

---

[2] Mr. Adams has not responded to the government's motion to dismiss.

2

Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). Without the consent of the United States to suit, federal courts lack subject matter jurisdiction over a dispute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (describing consent as a "prerequisite for jurisdiction"). However, federal courts have jurisdiction over claims against the United States, including claims against the United States Postal Service, where the government has waived its sovereign immunity. *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011).

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), the government has waived its sovereign immunity for "tort claims arising out of the activities of the Postal Service." *Najbar*, 649 F.3d at 870. "The FTCA waives federal sovereign immunity for injuries 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable.'" *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019) (quoting § 1346(b)(1)). However, this waiver is limited by an exception which maintains sovereign immunity for any claim "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Najbar*, 649 F.3d at 870 (referring to the exception provided in § 2860(b) as the "postal-matter exception"). The United States cannot be held liable "for claims defined by this exception," *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485

(2006), and if the postal-matter exception applies to Mr. Adams's claim against the United States in this case, then the Court lacks subject matter jurisdiction and the case must be dismissed, *Najbar*, 649 F.3d at 870.

Mr. Adams's claim falls squarely within the postal-matter exception to the FTCA's waiver of sovereign immunity. With respect to the United States, his complaint alleges that the USPS either negligently or intentionally failed to deliver the package containing his necklaces to Security Jewelers. Such a claim regarding lost or miscarried mail is precisely the sort over which Congress intended to retain the government's sovereign immunity when it enacted the postal-matter exception. *Dolan*, 546 U.S. at 489 ("Congress intend[ed] to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged conditions, or at the wrong address."); *Najbar*, 649 F.3d at 872 (applying *Dolan*).

It is possible to construe Mr. Adams's *pro se* complaint as alleging that the USPS mishandled the package containing the necklaces, mistakenly indicating that it had been delivered to the appropriate address even though it was lost or misdelivered. Or it is possible to read his complaint to allege that a USPS employee stole the package. Either way,[3] Mr. Adams's complaint sets forth a claim against the United States that is barred

---

[3] Because Mr. Adams is *pro se*, the Court construes his complaint liberally, meaning that "if the essence of an allegation is discernible[,] then the district court should construe the complaint in a way that permits the layperson's claims within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

4

by the doctrine of sovereign immunity and must be dismissed for lack of jurisdiction. *Allied Coin Inv. Inc. v. U.S. Postal Serv.*, 673 F. Supp. 982, 987 (D. Minn. 1987) (applying the postal-matter exception to a claim that the USPS lost a package containing very valuable coins); *Burkhart v. U.S. Postal Serv.*, No. CIV 13-767 (PAM/JJK), 2013 WL 4521182, at *2 (D. Minn. Aug. 27, 2013) (applying the postal-matter exception to a complaint alleging that a valuable cellular phone sent through the mail via USPS was stolen). Such a dismissal is without prejudice because sovereign immunity is jurisdictional in nature. *Roth v. United States*, 476 F. App'x 95 (8th Cir. 2012) (modifying district court's order dismissing case for lack of subject matter jurisdiction to be without prejudice).

*Remaining Claims*

This case was removed to federal court because the action had been commenced in part against the United States or one of its agencies pursuant to 28 U.S.C. § 1442(a)(1). [ECF No. 1 ¶ 4]. With the claims against the United States subject to dismissal for lack of jurisdiction, what remains are Mr. Adams's claims that Security Jewelers is liable to him under state law for the loss, conversion, or theft of his necklaces. There is no basis in the record to conclude that the Court independently has subject-matter jurisdiction over Mr. Adams's claims against Security Jewelers. For example, the Court could not exercise diversity jurisdiction because the record shows that the amount in controversy does not exceed $75,000—indeed, Mr. Adams seeks damages in the amount of only $2,475. 28

U.S.C. § 1332 (providing that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000").

The claims against Security Jewelers in this case are only before the Court through its supplemental jurisdiction under 28 U.S.C. § 1367(a). However, district courts may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Considering the relevant factors—judicial economy, convenience, fairness, and comity—and in light of the Eighth Circuit's preference for district courts to decline to exercise supplemental jurisdiction when federal claims have been eliminated prior to trial, the Court declines to exercise supplemental jurisdiction over the remaining claims against Security Jewelers. *See, e.g.*, *Davis v. Simpson*, No. 1:21-cv-1049, 2022 WL 801558, at *6–7 (W.D. Ark. Mar. 15, 2022) (declining to exercise supplemental jurisdiction over remaining state-law claims where all claims and discussing the Eighth Circuit's preference). Accordingly, the claims against Security Jewelers are remanded to Carlton County District Court. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) (providing that when the court declines to exercise supplemental jurisdiction under § 1367(c), the court can dismiss the remaining claims without prejudice or remand those claims to state court).

Even if the Court concluded that it would be proper to exercise supplemental jurisdiction over Mr. Adams's claims against Security Jewelers despite having dismissed

the claims against the United States, Mr. Adams's case would still be subject to dismissal without prejudice for failure to prosecute pursuant to Rule 4(m). Rule 4(m) requires a court to dismiss an action against a defendant who has not been served within 90 days after the complaint is filed, unless good cause is shown for the delay. Fed. R. Civ. P. 4(m). On September 9, 2022, United States Magistrate Judge Leo I. Brisbois gave Mr. Adams twenty days to provide proof of service or demonstrate good cause for an extension of time to serve Security Jewelers. [ECF No. 14]. Mr. Adams did not file any response to that Order by that twenty-day deadline, and consequently, he has failed to show good cause for his failure to prove that he served Security Jewelers within the 90-day period provided in Rule 4(m).

## ORDER

Accordingly, **IT IS HEREBY ORDERED THAT** the Motion to Dismiss [ECF No. 7] is **GRANTED** and the claims against the United States and USPS are dismissed without prejudice for lack of subject matter jurisdiction. Further, the Clerk of Court shall **REMAND** this action to the Carlton County District Court from which it was removed.

Date: November 1, 2022

                                                *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge